IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ALBERT McELHANEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
|  | ) | CIV-15-923-HE |
| v. | ) |  |
|  | ) |  |
| WARDEN BEAR, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

Petitioner is incarcerated in the custody of the Oklahoma Department of Corrections and is currently confined at the Joseph Harp Correctional Center in Lexington, Oklahoma. Petitioner provides no information concerning his conviction(s) or the sentence(s) he is serving.[2] The only attachment to the Petition is a copy of an index of orders filed in cases

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Public records of the Oklahoma Department of Corrections reflect that Petitioner is serving a 50-year term of imprisonment for his second degree murder conviction entered in the District Court of McIntosh County, Oklahoma, Case No. CF-2009-76. http://www.ok.gov/doc/ (offender

1

before the Oklahoma Court of Criminal Appeals ("OCCA"). The index includes a notation that the OCCA declined to exercise jurisdiction concerning Petitioner's request for extraordinary relief and dismissed the attempted appeal of a decision entered in the District Court of Cleveland County because his petition did not comply with the OCCA's procedural rules.

The writ of habeas corpus, 28 U.S.C. § 2241, "shall not extend to a prisoner unless" the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this circuit, relief under § 2241 is available only when a prisoner is challenging "the fact or duration of his confinement" or seeking "immediate release or a shortened period of confinement." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." Id.

In his Petition, Petitioner states four grounds for habeas relief. However, each of those grounds lack constitutional merit. As best it can be interpreted, in ground one Petitioner contends that he sought habeas relief in the District Court of Cleveland County and habeas relief was denied. His attempted appeal of the decision to the Oklahoma Supreme Court was dismissed for lack of jurisdiction. Petitioner alleges that these decisions have resulted in a "suspension of habeas corpus and due process" and also "discriminat[ed] against Petitioner because of his disabilities." Petition, at 6.

In ground two Petitioner contends that his "detentition [sic] violates the constitution

look up; last accessed September 28, 2015).

2

and laws of the United States." Id. As support for this ground, Petitioner asserts that "No habeas corpus claims have been contested but under state law confessed true. Continued detention of Petitioner by suspension of due process and of habeas corpus and states refusal to comply with their own court rules and statutes and constitution should be its self require habeas relief." Id.

In ground three Petition contends that "respondents [sic] are discriminating against Petitioner because of his disabilities, thereby violating 29 U.S.C. § 724, Sec. 504 of the 1973 Rehabilitation Act, and 42 U.S.C. § 12010-213, titles (a)(3)(5)." Id., at 7. As support for this ground, Petitioner asserts "Okla. state dist. courts and supreme court as well as criminal appeals court are discriminating against Petitioner because of his recognized disabilities of being unable to access a fully stocked up to date law library to utilize a computer, to have trained assistance of a law clerk, because this petitioner is a male and not female, is poor and can not afford to hire counsel." Id. He also alleges that a "change in law took away right to seek commutation, change in parole board composition took away right to parole consideration, and other disabilities." Id. .

In ground four Petitioner alleges that the "state courts refuse to comply with or enforce their own dist. court rules, state statutes, constitution, in post-conviction actions and habeas applications and parole board composition voids opportunity and 57 O.S. § 332.7(A) from 1997 to 2013 was not complied with." Id. As support for this ground Petitioner asserts "there must be a means to compell [sic] state courts and agencies to comply with their own rules, statutes and constitution as well as U.S. Supreme Court opinions. The scheme

Petitioner was sentenced under included that right or Petition should be entitled to immediate habeas corpus relief in a federal court." The relief Petitioner requests is an injunction or declaratory judgment "compelling state courts to comply with and enforce" a district court procedural rule and certain Oklahoma statutes. Petitioner also requests "habeas corpus release from Respondent's custody," class action certification, and the appointment of counsel.

Plaintiff has alleged only violations of state procedural rules and state laws. He has not alleged that he is custody in violation of the United States Constitution or federal law or treaties. Petitioner has alleged only that a state district court denied his post-conviction or habeas application and a state appellate court dismissed his attempted appeal of that decision based on Petitioner's failure to comply with the appellate court's procedural rules. These allegations certainly fail to allege that he is being held in custody in violation of the Constitution. Furthermore, Petitioner's claims of alleged constitutional and federal law violations based on "disabilities" are legally frivolous.

If Petitioner wishes to challenge the legal validity of his detention he is required by law to file a 28 U.S.C. § 2254 habeas petition after he has exhausted available state court remedies. Petitioner has not alleged a challenge to his conviction on federal grounds, and he has not shown that he has exhausted available state court remedies with respect to any such challenge. Therefore, the 28 U.S.C. § 2241 habeas petition should be denied.

The Petitioner is cautioned that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an

4

action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989)(citation omitted). Further frivolous filings by Petitioner may result in the imposition of sanctions.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ____October 19th____, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __28th__ day of __September__, 2015.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

5